IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES LEWIS WINN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-181 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned case on a form designed for a federal prisoner to move for vacating, setting aside, or correcting his sentence pursuant to 28 U.S.C. § 2255. However, as explained in detail below, Petitioner is a pretrial detainee facing state charges, and his challenge to his detention is therefore properly brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court **DIRECTS** the **CLERK** to update the docket to reflect the nature of the case as brought pursuant to § 2241, as well as to substitute the proper Respondent listed in the caption above. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I. BACKGROUND**

According to the petition and publicly available records, Petitioner was charged in March of 2021 in the Superior Court of Richmond County with the following crimes:

fleeing or attempting to elude a police officer, removing/affixing license plates to conceal or misrepresent identity, expired tag, driving with a suspended license, speeding, no proof of insurance, reckless driving, disregarding a traffic control device, and failure to maintain lane. State v. Winn, Case No. 2021 RCCR0522 (Richmond Cnty. Sup. Ct. Mar. 24, 2021), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Winn, James" last visited Dec. 30, 2021), Ex. A; [1] (doc. no. 1, p. 1). The pending case, in which Petitioner is represented by counsel, has appeared on the jury trial calendar one time. (Ex. A.)

In his current federal petition, Petitioner expresses his dissatisfaction with the representation provided by the Public Defender's Office, and he makes several allegations regarding allegedly improper actions taken by law enforcement officials during his arrest and subsequent medical treatment. (See generally doc. nos. 1, 1-1.)

## II.     DISCUSSION

### A.     Nature of the Petition

Although Petitioner filed a form for a motion brought pursuant to § 2255, he is, by his own admission, a pretrial detainee facing state charges. By its definition, § 2255 is a remedy for prisoners in federal custody. See 28 U.S.C. § 2255. Moreover, as a pretrial detainee, Petitioner is not yet "in custody pursuant to the judgment of a State court," and thus, 28 U.S.C. § 2254 does not apply. Therefore, Petitioner's request for relief is governed by § 2241 only. Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); see also Hiteshaw v. Butterfield, 262 F. App'x 162, 164 (11th Cir. 2008) (*per curiam*) (pretrial detainee's

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's record to establish existence of ongoing litigation and related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (allowing a court to take judicial notice of the records of other courts).

habeas petition "should have been treated as a § 2241 petition."); King v. Fla., CV 220-544, 2020 WL 8768394, at *1 (M.D. Fla. Aug. 12, 2020) (construing pretrial detainee's habeas petition as brought pursuant to § 2241 because petitioner not in custody pursuant to state court judgment.)

Accordingly, as Petitioner is a pretrial detainee, the Court construes Petitioner's filing as a request for habeas corpus relief brought pursuant to § 2241. See United States v. Russell, 994 F.3d 1230, 1240 & n.9 (11th Cir. 2021) (recognizing Court's obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework: and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (internal citations and quotation marks omitted).)

### B.    Exhaustion

Having recategorized the filing as a request for relief pursuant to § 2241, the instant petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012),

3

*adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceedings. Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning ineffective assistance of counsel. See Walker v. Hagins, 722 S.E.2d 725, 727-28 (Ga. 2012); Head v. Carr, 544 S.E.2d 409, 413 (Ga. 2001); see also Daguilar v. State, 621 S.E.2d 846, 847-48 (Ga. Ct. App. 2005) (describing requests to trial court for replacement public defender prior to trial).

Moreover, on March 14, 2020, the Honorable Harold D. Melton, as Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to O.C.G.A. § 38-3-61 because of the COVID-19 pandemic. Order *available at* https://gasupreme.us (follow hyperlink for Information on COVID-19 Court Orders and Court Guidance Original Order, last visited Dec. 30, 2021).). That Statewide Judicial Emergency ended on June 30, 2021. Id. (follow hyperlink for Statewide Judicial Emergency, Fifteenth Extension Order, last visited Dec. 20, 2021). Thus, any delay in Petitioner's underlying state proceedings is not unusual in light of the emergency declaration and does not warrant disregarding the exhaustion doctrine. Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

###### C. <u>Younger</u> Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 364 (1989) (citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Turner</u>, 2012 WL 2003835, at *2 (citing <u>Younger</u>, 401 U.S. at 45).

None of the three exceptions to the <u>Younger</u> doctrine apply to Petitioner's case. Although Petitioner seems to imply he is the victim of bad faith prosecution when he discusses a potential "cover-up" regarding the alleged misconduct by officers during his arrest and the Public Defender's Office not vigorously pursuing an investigation of his case, (<u>see</u> doc. no. 1, pp. 24-33), he fails to make "substantial allegations" with evidentiary support for his claims. <u>See</u> <u>Younger</u>, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Nor has Petitioner made any viable allegation of irreparable injury based on his claims of mistreatment during his arrest. <u>See</u> <u>id.</u> at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Indeed, Petitioner provides

5

documentation that he is pursuing his allegations of mistreatment with the Richmond County's Sheriff's Office, and he provides correspondence with the Public Defender's Office showing they are in contact about the progression of his case.

Finally, Petitioner's ongoing state prosecution, wherein he is represented by counsel, provides an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.[2]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] To the extent Petitioner complains about actions taken by deputies during his arrest and the subsequent medical treatment he received, such claims sound in a civil rights action brought pursuant to 42 U.S.C. § 1983. That is, Petitioner's request for relief in the form of release from jail properly belongs in a petition for habeas corpus relief naming his current custodian as the respondent. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.") However, a claim pursuant to § 1983 requires allegations of the violation of a right secured by the Constitution of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Therefore, Petitioner may not request in the same case release from jail and damages for alleged violations of his rights under § 1983.